**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No:14-cv-2469-JLK-MEH

KALUNIRA INDUSTRIES LTD,

    Plaintiff,

    v.

EASTERN RESOURCES, INC.,
BLACK DIAMOND FINANCIAL GROUP, LLC, and
ELKHORN GOLDFIELDS, INC.,

    Defendants.

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Kane, J.

Before me is Plaintiff's Motion for Default Judgment (Doc. 17). For the reasons that follow, the motion is DENIED.

When a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its personal and subject matter jurisdiction in order to determine whether it has the power to enter the default judgment. *See Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir.1986); *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir.2010). If a court enters a default judgment, but personal or subject matter jurisdiction is lacking, the judgment is void. *Williams*, 802 F.2d at 1202. A district court may dismiss a case *sua sponte* for lack of personal jurisdiction when considering default judgment, and personal jurisdiction defects are not waived for failure to appear or respond. *Id.* at 1203. In this case, although defendants have not appeared or filed a responsive pleading, the court must still determine if it has personal jurisdiction over defendants before entering default judgment.

Defendants Eastern Resources, Inc. and Black Diamond Financial Group, LLC, are Delaware corporations with their principal place of business in Denver, Colorado, and defendant Elkhorn Goldfields, Inc. is a Montana corporation with its principal place of business in Denver.

2

Doc. 1 at 1-2. Service was attempted by Plaintiff on each defendant's registered agent by USPS Priority Mail.  See Docs. 10, 10-1, 10-2.

Rule 4(h) of the Federal Rules of Civil Procedure governs service upon domestic corporations. Rule 4(h)(1) provides that service on a domestic corporation shall be effected by either "the manner prescribed by Rule 4(e)(1) for individuals" or "by delivering a copy of the summons and of the complaint to an officer; a managing or general agent; or to any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. Proc. 4(h)(1). Rule 4(e)(1) provides that individuals may be served "by following state law for serving a summons," but "Colorado law does not provide for service by certified mail."  *Johnson v. Arapahoe County Sheriff's Dept.*, No. 06–cv–01150–REB–MEH, 2007 WL 2697542, *2 (D. Colo. Jan. 29, 2007).  Furthermore, the term "delivery" as used in Rule 4(h)(1)(B) does not include service by mail.  *See, e.g., Towner v. USAA Federal Sav. Bank*, No. 2:14–cv–148, 2014 WL 2608517, *3 (D. Utah Jun. 11, 2014); *Black v. Reliable Reports of Texas, Inc.*, No. CIV-05-1427-M, 2007 WL 2746926, *2 (W.D. Okla. Sep. 20, 2007).   Because Plaintiff has failed to show that Defendants received effective service of process under federal or Colorado law, I find that I lack personal jurisdiction over the defendants, and accordingly Plaintiff's Motion for Default Judgment (Doc. 17) is DENIED.

Dated:  April 21, 2015                                       **s/ John L. Kane**
                                                                          Senior U.S. District Judge